Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10231 | **DATE** | 2/1/2013 |
| **CASE TITLE** | Andrew Erickson (M-25008) vs. Randall, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff has paid the filing fee. Plaintiff's amended complaint [8] is accepted. The Clerk shall issue summonses for service of the amended complaint [8] on Defendants Richard Randall, Deputy Brennan, Deputy Craig, and Deputy Goodspeed and dismiss Defendants Commander Jennings, Commander Gillispie, and Other Sheriffs and Health Care Employees. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendants Richard Randall, Deputy Brennan, Deputy Craig, and Deputy Goodspeed. Plaintiff's motion for the appointment of counsel [3] is denied without prejudice.

O[For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, Andrew Erickson, a prisoner at Danville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously ordered to either pay the filing fee or submit a motion to proceed *in forma pauperis* and to submit an amended complaint. Plaintiff has paid the filing fee and submitted an amended complaint.

     Plaintiff alleges that Defendants Deputy Brennan, Deputy Craig, and Deputy Goodspeed used excessive force on Plaintiff and/or failed to intervene while the other Defendants used such excessive force. Following the excessive force, Plaintiff was placed in segregation in a cell without a blanket or mattress. The cell was insect infested, had feces on the walls and ceiling, and had no toilet paper. He further alleges that Sheriff Richard Randall is aware of the violent propensities of the jail staff and the conditions of segregation and he condones such conduct and conditions.

     Plaintiff may proceed on his amended complaint against Defendants Richard Randall, Deputy Brennan, Deputy Craig, and Deputy Goodspeed. The previously-named Defendants who are no longer included in the amended complaint are dismissed.

     The clerk shall issue a summonses for service on Defendants Richard Randall, Deputy Brennan, Deputy Craig, and Deputy Goodspeed. The United States Marshals Service is appointed to serve Defendants Richard Randall, Deputy Brennan, Deputy Craig, and Deputy Goodspeed. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former Kendall County Jail employee who can no longer be found at the work address provided by Plaintiff, Kendall County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of

| STATEMENT |
|---|

mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v*. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated a colorable claim and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claim are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.