UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANDREW ERICKSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 12 C 10231 |
| | ) | |
| KENDALL COUNTY SHERIFF, et al., | ) | Hon. James B. Zagel |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Erickson, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that correctional officers at the Kendall County Jail used excessive force on him, failed to intervene during the excessive force, and then denied him medical care for his injuries. He also alleges that he was housed under unconstitutional living conditions while in disciplinary segregation. This matter is before the court for ruling on Defendants' motion for summary judgment on the sole issue of whether Plaintiff exhausted his administrative remedies. For the reasons stated below, the motion is granted in part and denied in part.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be

drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

Defendants filed statements of uncontested material fact pursuant to Local Rule 56.1 (N.D. Ill.). Defendants also provided Plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by circuit precedent and Local Rule 56.2. That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g.,*

2

*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Plaintiff did file an opposition to Defendants' motion for summary judgment but did not address the statements of undisputed material fact. Accordingly, the facts presented by Defendants that are supported by their exhibits included with their motion are deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

## FACTS

Plaintiff was detained at the Kendall County Jail from December 7, 2010, through November 17, 2011. (Defs.' 56.1(a)(3) Statement ¶ 1.) During his detention, the Jail maintained an inmate handbook containing rules, regulations, and procedures that inmates are required to follow. (*Id.*, at ¶ 2.) Plaintiff received a copy of the handbook on either December 7 or 8, 2010. (*Id.*, at ¶ 3.)

The inmate handbook describes the grievance procedure that inmates must follow at the Jail. (Defs.' 56.1(a)(3) Statement ¶ 4.) Inmates are required to submit their complaints in writing on an inmate request form. (*Id.*, at ¶ 5.) The forms are available upon request from a cell pod correctional deputy and must be submitted to the correctional deputy. (*Id.*) The complaint must be submitted within ten days from the date of the complained of incident and must include the date of the offense, the individuals involved, and details of the alleged incident. (*Id.*, at ¶ 6.) Once submitted, the correctional deputy attempts to resolve the inmate's complaint at his or her level within 24 hours of receiving the inmate request from. (*Id.*, at ¶ 7.) If the correctional deputy is unable to resolve the complaint, the deputy is required to sign and date the inmate request form and refer the complaint to his or her supervisor. (*Id.*) The supervisor is required to respond in writing to the complaint within 72 hours of receiving the documentation, noting the decision and reason for that decision. (*Id.*, at ¶ 8.)

3

If the inmate is not satisfied with the response of the correctional deputy or supervisor to his complaint, the inmate may submit a written grievance to the Corrections Commander on an inmate grievance form along with all of the original paperwork pertaining to the issue. (Defs.' 56.1(a)(3) Statement ¶ 9.) The Corrections Commander is required to respond to the grievance within five business days of receiving the grievance and required documentation. (*Id.*, at ¶ 11.)

Plaintiff was familiar with the Jail's grievance procedure. (Defs.' 56.1(a)(3) Statement ¶ 14.) Plaintiff used the grievance procedure on June 6, 2011, when he submitted a grievance to Commander Jennings about being charged for a haircut that he did not receive. (*Id.*, at ¶¶ 15-18.) Plaintiff met with Commander Jennings in person at least twice after the January 2011, incident, including once in her office and once while in segregation. (*Id.*, at ¶ 27.) Plaintiff did not complain to Commander Jennings about the alleged unsanitary living conditions or being denied hygiene and cleaning supplies. (*Id.*, at ¶ 28.)

The alleged excessive force, failure to intervene and failure to provide medical care took place on January 13, 2011. (Defs.' 56.1(a)(3) Statement ¶ 19.) Plaintiff alleges that Deputy Craig used excessive force on him after he asked for a grievance form when he was denied proper prison attire. (Plaint.'s Second Amended Complaint; Plaint.'s Deposition, Pgs. 25-28.) He also alleges that other Defendants failed to intervene or provide medical care for his injuries. (*Id.*) Plaintiff did not submit a grievance for the alleged January 13, 2011, mistreatment by the Defendants. (Defs.' 56.1(a)(3) Statement ¶ 21.)

Plaintiff also alleged that he periodically placed in segregation, from December 7, 2010 through November 17, 2011, where he was subjected to unsanitary conditions and a lack of basic hygiene and cleaning supplies. (Defs.' 56.1(a)(3) Statement ¶¶ 22-21.) Plaintiff did not submit a

4

grievances complaining about the alleged unsanitary conditions or being denied hygiene and cleaning supplies. (*Id.*, at ¶¶ 24-26.) Plaintiff testified at his deposition that he did not submit a grievance as to the issues in his complaint because the forms were only available at the discretion of the correctional officers and he feared what correctional officers might do to him if he asked for a grievance form in light of the attack after he previously asked for a grievance form. (*Id.*, at ¶ 26.)

## ANALYSIS

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that a plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

A detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

However, a prisoner need only exhaust the administrative remedies that are "available" to him. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Pozo*, 286 F.3d at 1024-25. A prison employee who prevents a prisoner access to a remedy can render that remedy unavailable, and, under such circumstances, a failure to exhaust would not bar filing suit. *See Pavey*, 544 F.3d at 742; *Dale*, 376 F.3d at 656. A remedy is unavailable if the prisoner is prevented from filing a grievance by threats or other acts of intimidation by prison staff from seeking an administrative remedy. *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013); *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale*, 376 F.3d at 655.

Plaintiff concedes that he did not file a grievance regarding the alleged January 2011, incident or regarding the living conditions in segregation. Plaintiff argues that he did not file a grievance because he feared for his safety because the alleged excessive force took place after he asked for a grievance regarding not receiving proper prison attire.

Plaintiff alleges and testified in his deposition that after he asked for a grievance form so he could grieve not receiving proper prison attire, he was attacked by Deputy Craig. In addition, Plaintiff alleges that Deputies Goodspeed and Brennan observed the excessive force and did nothing to aid Plaintiff. Based on these undisputed facts, a genuine issue of material fact exists as to whether administration remedies were "available" to Plaintiff or if the Defendants' conduct rendered administrative remedies as to the incident unavailable through fear and intimidation because Plaintiff was allegedly beaten for asking for a grievance to address a different issue. *See Kaba* 458 F.3d at

6

686 (finding genuine issue of material fact existed as to whether administrative remedies were available following threats and intimidation by officers).

However, Plaintiff has not demonstrated that administrative remedies were unavailable to him regarding the alleged unconstitutional living conditions in segregation. Plaintiff concedes that he did not fear filing a grievance with Commander Jennings and that he did so regarding charges for a haircut. He also concedes that he spoke with Commander Jennings at least one time while in segregation but he did not address the alleged unconstitutional living conditions nor did he ask her for a grievance form to grieve the living conditions.

It is also undisputed that Plaintiff alleges that the he was forced to live in the unconstitutional conditions well after the alleged excessive force and after he had already filed a grievance with Commander Jennings without incident. Thus, administrative remedies were available to Plaintiff as to the alleged living conditions and he failed to utilize them. Accordingly, Plaintiff's claim for the alleged unconstitutional living conditions is dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff may proceed with his remaining claims. In addition, because the issue of whether administrative remedies were available to Plaintiff are also the basis of the underlying remaining claims, the issue will not be addressed in a *Pavey* hearing and may be raised again at the close discovery.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [27] is granted in part and denied in part. Plaintiff's claim of unconstitutional living conditions is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(2).

Dated: 2/19/14

_United States District Judge_